IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**BEVERLY REAGAN**                                                                                        **PLAINTIFF**

**v.**                                                                                            **No. 3:11cv667-TSL-MTP**

**J&R RESTAURANT GROUP, INC., ET AL.**                                             **DEFENDANTS**

## ORDER

This matter is before the court on the Defendants' Motion [83] for Rule 35 Examinations of the Plaintiff. The court, having considered the submissions of the parties, the arguments of counsel during the telephonic motion hearing, and the applicable law, finds that the Motion [83] should be granted in part and denied in part.

In their Motion, Defendants seek an order compelling the Plaintiff to appear for physical or mental examinations with Dr. Howard Katz, Dr. Mark Webb, and Bruce Brawner (a vocational rehabilitation counselor) in Jackson, Ridgeland, and Madison, Mississippi, respectively. The Defendants further request that during each of the examinations, the Plaintiff be unaccompanied by her counsel or anyone else so that the examiner may conduct the examination without interruption or interference.

In opposition, Plaintiff states that Defendants have failed to show good cause for the examinations. In the alternative, if the court grants the motion, Plaintiff urges the examinations to take place in Nashville, Tennessee, where she resides. In the event the court orders that the examinations take place in or around Jackson, Mississippi, the Plaintiff requests the Defendants to pay her reasonable travel costs.

Pursuant to Fed. R. Civ. P. 35(a)(1), "The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to

a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1).  A party moving for a Rule 35 examination must show good cause for the examination and must provide notice to all parties and the person to be examined and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).

Having considered the submissions of the parties and the arguments of counsel, the court finds that Plaintiff's mental and physical condition is in controversy and Defendants have shown good cause for the examinations.  Accordingly, the motion to compel will be granted.  Further, Defendants have no objection to paying Plaintiff's reasonable travel expenses, including mileage, hotel accommodations, and meals.  *See* Reply [91] at 7.  However, the court will not require Plaintiff to attend the examinations alone.

    IT IS, THEREFORE, ORDERED:

1. That the Defendants' Motion [83] for Rule 35 Examinations of the Plaintiff is GRANTED in part and DENIED in part as set forth herein.

2. Plaintiff shall appear for examinations with Dr. Howard Katz, Dr. Mark Webb, and Bruce Brawner (a vocational rehabilitation counselor) in Jackson, Ridgeland, and Madison, Mississippi, respectively.  The examinations shall take place in one day or on consecutive days to minimize inconvenience.  The parties are ordered to confer and cooperate to promptly schedule the examinations at agreeable dates and times.  The examinations shall be completed by January 31, 2013.

3. Plaintiff may be accompanied at the examinations by a friend or family member if she needs assistance, provided that person is not expected to be a witness at trial.

        However, the person accompanying Plaintiff, if any, may not participate or interfere with the examinations in any manner. Further, neither counsel of record nor anyone associated with their law firms shall be present for the examinations.

4. Defendants shall pay for Plaintiff's reasonable travel expenses to attend the examinations, including mileage, hotel accommodations, and meals.

5. As the examinations will affect the court's current case deadlines, a separate order will be entered setting new case deadlines as appropriate.

SO ORDERED AND ADJUDGED this the 8th day of January, 2013.

                              s/ Michael T. Parker
                              United States Magistrate Judge